## CIRCUIT COURT OF THE CITY OF RICHMOND

Dominion Bankshares

v.

Department of Taxation

March 24, 1989

Case No. LL-2757-3

By JUDGE T. J. MARKOW

This is an action brought pursuant to § 58.1-1825 and § 8.01-184 of the Code of Virginia, 1950, as amended, for correction of erroneous assessments of state income taxes made by defendants, and for a declaratory judgment that certain Virginia Corporation Income Tax Regulations are invalid and unenforceable. Dominion Bankshares Corp. seeks a ruling, pursuant to its motion for summary judgment, that it be allowed to file a single consolidated or single combined income tax return in Virginia. The defendant, the Department of Taxation, has required plaintiffs and its affiliates to file two consolidated income tax returns; it has refused to permit plaintiff to file a single consolidated or a single combined return.

The court, upon reviewing the applicable statutes, the parties' briefs, and the transcript of the oral hearing February 10, 1989, concludes, for reasons hereinafter set forth, that defendant has not abused its discretion, plaintiff's motion for summary judgment must be denied.

A brief summation of the events that precipitated this litigation is in order.

Dominion is a corporation organized under the laws of the Commonwealth of Virginia. The parties stipulated that Dominion and a number of its nonbanking subsidiaries are "affiliated" within the meaning of Va. Code § 58.1-302. Since Dominion and its affiliates do business outside of Virginia, they are required by Va. Code § 58.1-406 to allocate and apportion their taxable income between Virginia and non-Virginia sources upon apportionment formulae set forth in the Virginia Code.

For the 1982 tax year, Dominion, following Va. Code Section 58.1-442(B)(1) filed a single consolidated income tax return with all of its affiliated nonbanking subsidiary corporations reporting as a single affiliated group of "financial corporations" using a single factor apportionment formula set forth in the Virginia Code.

In the course of a field audit of Dominion's 1982 return, the Department of Taxation determined that within the affiliated group, there were certain "financials" subject to a single-factor apportionment standard while other non-financial affiliated entities were required to use a three-factor formula. As a result of this determination, the Department adjusted Dominion's 1982 tax return to reflect *two* consolidated income tax returns reflecting two types of apportionment factors, as required by Virginia Corporation Income Tax Regulation VR 630-3-442. In August, 1987, relying on the application of this regulation, the Department issued to Dominion a revised notice of assessment for its 1982 tax year.

For the 1983 tax year, Dominion, again, relying on Va. Code § 58.1-442(B)(1), filed a single consolidated income tax return. The Department took the same position regarding the 1983 return. Within Dominion's affiliated group of corporations were single-factor financial corporations and corporations which were not primarily financial in nature, those being corporations which were required to apportion income using the standard three-factor formula set forth in the Code. Again, for the tax year 1983, the Department, relying on Virginia Corporation Income Tax Regulation VR 630-3-442, issued a notice of assessment for the 1983 tax year.

Dominion satisfied both the 1982 and 1983 revised assessments; however, in 1986, it requested a ruling from the Commissioner of Taxation that it be allowed either

(a) to file a single consolidated income tax return in which, first, plaintiff would compute subconsolidators of the two groups of corporations before a final consolidated taxable income figure would be computed, or (b) to switch from a single consolidated income tax return to a single combined income tax return, in which case, Dominion and its affiliates sought permission to use the net operating loss carryforwards and carrybacks of one corporation to offset the taxable income of other corporations included in the single combined income tax return.

After several months of correspondence between Dominion and various Tax Policy Division employees who explored the lawfulness of plaintiff's options, the Department, by letter ruling, denied Dominion requests to either (a) file a single consolidated income tax return using preliminary subconsolidations or (b) switch from filing multiple consolidated returns to filing a single combined return. This lawsuit was filed soon thereafter.

There are, essentially, three questions the court must address. They are:

(1) Whether all of Dominion Bankshares Corporation's nonbanking subsidiaries are "financial corporations" for purposes of § 58.1-418 of the Code of Virginia, 1950, as amended.

(2) If some of plaintiff's nonbanking subsidiaries are not "financial corporations," whether Dominion and its nonbanking subsidiaries, both financial and non-financial corporations, may file a single consolidated income tax return with the Virginia Department of Taxation.

(3) If some of Dominion's nonbanking subsidiaries are not "financial corporations" and if Dominion and its subsidiaries may not file a single consolidated income tax return, whether Dominion and its nonbanking subsidiaries, both financial and nonfinancial corporations, may file a single combined income tax return with the Virginia Department of Taxation.

In deciding this case, the court considers the Department's assessment as *prima facie* correct. Va. Code Section 58.1-1825, *Commonwealth v. Radiator Corp.*, 202 Va. 13, 18, 116 S.E. 2d 44, 48 (1960).

*I. Dominion's nonbanking subsidiaries are not financial corporations.*

At issue is whether seven nonbanking subsidiaries of Dominion are "financial corporations." That term is defined in Va. Code § 58.1-418, as a corporation with at least seventy percent of its income derived from fees, commissions, and other compensation for "*financial services.*" If all seven entities are, in fact, financial corporations, all would be subject to one single-factor apportionment, and Dominion's 1982 and 1983 filings of a single consolidated tax return would have been correct.

The business activities of these seven corporations include the development of foreclosed real estate from affiliated subsidiaries (V.P. Equity, Inc., and Dominion Bankshares Mortgage), the leasing of equipment used by customers of affiliated subsidiaries (Dominion Leasing Corp.), the holding of real estate used by Dominion and its subsidiaries (Dominion Bankshares Properties Corp., and V.V.B. Properties, Inc.), ownership of aircraft used by Dominion and its affiliated subsidiaries (Dominion Air, Inc.), and data processing services to affiliated subsidiaries and others. (Datacorp of VA). Dominion alleges that these support subsidiaries are "financial corporations" because they are "banking related" under federal law (12 U.S.C. 1843(1)), and, therefore, all of their income is from financial services rendered. Such an assertion ignores the plain meaning of the term "financial services" which is critical to the definition of "financial corporation" under Va. Code § 58.1-418.

Although the phrase "financial services" is not defined by statute or regulation, the Department's position that "financial" means "of or relating to money or its use and distribution" is a position consistent with the ordinary meaning of that term. The act of providing courier or computer or real estate services to a financial corporation does not magically transform these support subsidiaries into financial corporations. Dominion's attempt to characterize the support subsidiaries' income as banking related simply because they are paid by a financial corporation is likewise untenable under Federal Banking Law, which does not define financial corporation and is, therefore, not relevant to the status of these support subsidiaries

under Va. Code § 58.1-418. The nonbanking subsidiaries are not "financial corporations."

Having determined that seven of Dominion's nonbanking subsidiaries are not "financial corporations" within the meaning of Va. Code § 58.1-418, the court must then decide whether these affiliated corporations, subject to different apportionment formulae, may join on one consolidated return.

II. *Department's regulation defining which affiliates are to constitute a group on the same consolidated return is valid.*

Section 58.1-441(A) of the Code of Virginia states that "Corporations which are affiliated within the meaning of § 58.1-302, may, for any taxable year . . . file a consolidated return . . . ."

Section 58.1-442(B)(1) of the Code of Virginia defines a "consolidated return" as "a single return for a group of corporations affiliated within the meaning of § 58.1-302, prepared in accordance with the principals of § 1502 of the Internal Revenue Code and regulations promulgated thereunder . . . ." The phrase "a single return" was added by the General Assembly in 1981.

Defendant, citing its regulation V 630-3-442, has determined that plaintiff and its subsidiaries cannot file a single consolidated income tax return.

Under § 58.1-203(A) of the Code of Virginia:

> The Tax Commissioner shall have the power to issue regulations relating to the interpretation and enforcement of the laws of this Commonwealth governing taxes administered by the Department. Such regulations shall not be inconsistent with the Constitution and applicable laws of this Commonwealth and of the United States.

Plaintiff asserts that the Department's regulation VR 630-3-442(c)(2) unlawfully adds a requirement for the filing of a consolidated return not found in the Code and is also inconsistent with § 58.1-442(B)(1) because it requires the affiliated group of corporations to violate the requirement of a "single return" set forth in that provision.

The disputed regulation, VR 630-3-442(C)(1), states that "[a] consolidated return is a single return for all *eligible* members of an affiliated group of corporations." (emphasis added). VR 630-3-442(C)(2) defines "eligible members" as follows:

> a. A consolidated return must include the net income and apportionment factors of all members of the affiliated group which would be subject to Virginia income tax if separate returns were to be filed.
> b. A consolidated return may not include corporations which are: . . . (ii) required to use different apportionment factors . . . if separate returns were to be filed . . . .

This "eligible members" requirement is *not* found in Section 58.1-442, the statute governing the filing of consolidated returns. Thus, plaintiff argues, VR 630-3-442(C) is an attempt by the defendant to add a requirement to § 58.1-441 that goes far beyond the "interpretation and enforcement" limits on regulations set forth in § 58.1-302(A).

The Department's regulation permitting only "eligible members," *i.e.*, those corporations with like apportionment factors to file on the same consolidated return is consistent with the statute when read as a whole. A consolidated return is defined as a "single return for *a* group of [affiliated] corporations . . ." Va. Code § 58.1-442(B)(1). The reference to a "single return" addresses the contrast between separate returns; it does not describe *which* affiliates would make up that return. The regulation (VR 630-3-442(C)) permitting only "eligible members" to file on the same consolidated return is a reasonable interpretation, that, even Dominion admits, has a legitimate purpose, to avoid the distortion of income resulting from a single consolidated return reflecting the income of corporations subject to different apportionment factors. Indeed, Dominion's construction of the statute would eliminate the need for combined returns, whose purpose was to provide a filing option for affiliated corporations subject to different apportionment factors.

### III. *Plaintiff's hybrid return of subconsolidations is inconsistent with the statute.*

In an effort to remedy a distortion of income problem, Dominion suggested to the Commissioner a methodological "solution" wherein the net taxable income or loss of "financial corporations" and "nonfinancial corporations" would be calculated separately on a consolidated basis, as if both groups of subsidiaries were the only members of Dominion's affiliated group, thus avoiding mixing apportionment factors. Then, under plaintiff's proposed return, the net taxable incomes or losses calculated for each separate apportionment groups would be combined into one taxable income or loss figure for the entire affiliated group, which would then be reported on a single income tax return. Dominion claims that its "subconsolidations" scheme satisfies the statutory requirement that only a single consolidated income tax return be filed by an affiliated group and since the initial subconsolidations involve only corporations of like apportionment factors, misapportionment problems are avoided.

Such a return, as pragmatic as it may seem, would be inconsistent with Virginia law, since there is a specific statutory provision authorizing taxpayers to use either a combined or a consolidated return, not a hybrid of the taxpayer's own creation. The Department did not err in rejecting this suggestion.

### IV. *Dominion is not entitled to file a combined return.*

Section 58.1-441(A) provides that corporations affiliated within the meaning of § 58.1-302 may file a combined return. Section 58.1-442(B)(2) defines "a combined return" as follows:

> A combined return shall mean a single return for a group of corporations affiliated within the meaning of § 58.1-302, in which income or loss is separately determined in accordance with paragraphs (a) through (d) below:
> (a) Virginia taxable income or loss is computed separately for each corporation;

(b) Allocable income is allocated to the state of commercial domicile separately for each corporation;

(c) Apportionable income or a loss is computed, utilizing separate apportionment factors for each corporation;

(d) Income or loss computed in accordance with items (a) through (c) above is combined and reported on a single return for the affiliated group.

The Department does not deny that, considering the nature of Dominion's nonbanking subsidiaries, a combined form is best suited to Dominion's needs. Citing the "administrative nightmare that would result from annual election shopping," and "the manipulation of income" that could occur, the Department has refused to grant Dominion permission to switch from a two-form consolidated return to the combined return.

Dominion has made its election, and the Department is not obligated to permit Dominion to change that election now. The Department's denial of Dominion's request to file a combined return may appear harsh and arbitrary; however, in the absence of a showing that the Department's current treatment of Dominion's returns does not clearly and accurately reflect its actual income, the Department's decision will not be disturbed; nor, do the facts presented by this case constitute "unusual circumstances" as that term is used in VR 630-3-442(E). The Department is not obligated to permit new elections solely because a taxpayer made legal assumptions later proved to be without merit.

An election to file a combined form was not available to Dominion in 1982 or thereafter, for it had already made an election prior to the January 1, 1981, effective date of the combined election. That restriction had no retroactive effect and, therefore, no "new election" was available to Dominion. Even if the court were to find that the 1982 combined option meant to be available to all corporate taxpayers, including Dominion, the plain language of Exhibit O; ("Affiliated corporations may now file a combined return when consolidation is inappropriate"), the court also concludes that Dominion did, in fact, make a binding election in 1982 when it continued

to use the consolidated status. The court finds other language of Exhibit O instructive: The instructions for 1982 Va. Corporate Income Tax forms states that "a binding election is made in the first year in which a corporation is *eligible* to file consolidated or combined returns in VA." (Emphasis added).

Notwithstanding the unfortunate fact that Dominion misperceived the true nature of its seven nonbanking subsidiaries in 1982, Dominion was in fact legally eligible to file a combined return at that time and made its election not to.

Dominion presumed on the law and lost. In 1982, and in 1983, when the combined tax return option become available, it was incumbent upon Dominion to choose that filing methodology best suited to the structure and purposes of its corporation, regardless of whether or not the Department had yet effected a field audit which would reflect an unfavorable result from the election made by Dominion.

To sum up a complex case with a time-worn but wholly appropriate cliche, ignorance of the law is no excuse.

Because the court denies petitioner's motion for summary judgment and specifically declines to issue a ruling that would permit petitioner to switch its filing status, issues of the impact of the net operating loss deduction are rendered moot. The Department's assessment is *prima facie* correct. The defendant's motion for summary judgment is denied.